IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:22-CV-145-RP |
| DONGXIN MA and MA ACUPUNCTURE CENTER PC, | § § § § | |
| Defendants. | § § | |

# FINAL JUDGMENT

On this date, the Court issued an order granting Plaintiff United States of America's motion to enforce settlement agreement, (Dkt. 39). The Court found that the parties entered into an agreement to settle this matter at mediation, that the parties reached agreement as to all material terms of the settlement, and that the terms of the parties' agreement are accurately reflected in the Written Settlement Agreement attached as Exhibit 1 to the United States' motion and attached to this final judgment. Accordingly, the Court renders final judgment pursuant to Federal Rule of Civil Procedure 58.

**IT IS ORDERED** that the United States of America shall recover from Defendants Dongxin Ma and Ma Acupuncture Center PC the sum of $2,300,000.00. This Order and Final Judgment expressly incorporates the terms of the Written Agreement attached; provided, however, that the "Effective Date of this Agreement" as defined in Paragraph 22 of the Written Settlement Agreement shall be the date of entry of this Final Judgment in lieu of the date of execution by the last signatory to the agreement.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction to enforce this Final Judgement and the underlying Written Settlement Agreement.

**IT IS FINALLY ORDERED** that this case is **CLOSED**.

**SIGNED** on July 12, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

# Settlement Agreement

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into among the United States of America, acting through the United States Department of Justice and on behalf of the United States Department of Veterans Affairs ("VA") (collectively, the "United States"), and Dongxin Ma and Ma Acupuncture Center PC (hereafter collectively referred to with the United States as "the Parties"), through their authorized representatives.

## RECITALS

A.  Dongxin Ma is a licensed acupuncturist residing in Austin, Texas, and is the sole owner of Ma Acupuncture Center PC, a Texas professional corporation.

B.  On February 16, 2022, the United States filed an action in the United States District Court for the Western District of Texas captioned *United States v. Dongxin Ma and Ma Acupuncture Center PC*, Case No. 1:22-cv-00145 (the "Civil Action").

C.  The United States contends that Dongxin Ma and Ma Acupuncture Center PC submitted or caused to be submitted claims for payment to the Department of Veterans Affairs, Veterans Health Administration, through the VA community care program operated pursuant to the Veterans Access, Choice, and Accountability Act of 2014 ("Choice Program"), 38 U.S.C. § 1701 note; 38 C.F.R. §§ 17.1500-17.1540, and the VA Maintaining Internal Systems and Strengthening Integrated Outside Networks Act of 2018 ("Mission Act"), 38 U.S.C. § 1703; 38 C.F.R. §§ 17.4000–17.4040.

D.  The United States contends that it has certain civil claims against Dongxin Ma and Ma Acupuncture Center PC arising from the submission of claims to the VA community care program for acupuncture services using Current Procedural Terminology (CPT) codes 97810 and 97811 during the period from January 1, 2016 through April 4, 2020. CPT code 97810 describes the "initial 15 minutes of personal one-on-one contact with the patient" and CPT

code 97811 describes "each additional 15 minutes of personal one-on-one contact with the patient, with the re-insertion of needle(s)." The United States alleges that Dongxin Ma and Ma Acupuncture Center PC inflated their claims to the VA by billing one or more units of CPT code 97811 in addition to CPT code 97810 even though they provided no more than 15 minutes of one-on-one care to veterans. That conduct is referred to below as the "Covered Conduct."

E. This Settlement Agreement is neither an admission of liability by Dongxin Ma and Ma Acupuncture Center PC nor a concession by the United States that its claims are not well founded.

To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the above claims, and in consideration of the mutual promises and obligations of this Settlement Agreement, the Parties agree and covenant as follows:

TERMS AND CONDITIONS

1. Dongxin Ma, on behalf of himself and Ma Acupuncture Center PC, shall pay to the United States the sum of **$2,300,000.00** ("Settlement Amount"), of which $1,288,575.01 is restitution, pursuant to written instructions to be provided by the United States Attorney's Office for the Western District of Texas.

    a. No later than 60 days from the Effective Date of the Agreement, Dongxin Ma will make an initial payment to the United States in the amount of $100,000.00.

    b. No later than 42 months from the Effective Date of the Agreement, Dongxin Ma will pay the United States the remaining $2,200,000.00 of the Settlement Amount, plus interest at 4.25% per annum.

    c. To satisfy his obligation to pay the full Settlement Amount, Dongxin Ma will make commercially reasonable efforts to sell the following real property as soon as practicable, having regard to the circumstances:

      (1)    4131 Spicewood Springs Road, Unit K-4, Austin, Texas 78759

      (2)    4131 Spicewood Springs Road, Unit N-3, Austin, Texas 78759;

      (3)    4131 Spicewood Springs Road, Unit N-6, Austin, Texas 78759;

      (4)    4131 Spicewood Springs Road, Unit N-10, Austin, Texas 78759;

      (5)    4600 Spicewood Springs Road, Unit 102, Austin, Texas 78759;

      (6)    5750 Balcones Drive, Unit 3-B, Austin, Texas 78731;

      (7)    1900 Barton Springs Road, Unit 4028, Austin, Texas 78704; and

      (8)    417 North 8th Street, Killeen, Texas 76541.

    d.    Dongxin Ma shall remit 75% of the net proceeds of the sale of the real property described in Paragraph 1.c and/or the net proceeds of any loan secured by such property, plus the accrued interest on the Settlement Amount as of the date of such sale or loan, to the United States within fourteen (14) days of receipt of such proceeds.

    e.    To secure payment of the Settlement Amount, the Parties agree that the United States shall have a first position security interest on the following real property owned by Dongxin Ma:

      (1)    4131 Spicewood Springs Road, Unit N-3, Austin, Texas 78759;

      (2)    4131 Spicewood Springs Road, Unit N-6, Austin, Texas 78759;

      (3)    4131 Spicewood Springs Road, Unit N-10, Austin, Texas 78759;

      (4)    7685 Northcross Drive, Unit 724, Austin, Texas 78757; and

      (5)    4600 Spicewood Springs Road, Unit 102, Austin, Texas 78759.

Dongxin Ma agrees that the United States may place a lien on these properties until such time as Dongxin Ma has paid the total Settlement Amount. In the event of Uncured Default (as described in Paragraph 10 below), the United States shall be entitled to enforce its lien(s) and shall have all rights and remedies available under applicable law.

The enforcement of the lien(s) shall not require any further formalities than those provided by applicable law.

    f.    The Settlement Amount may be prepaid, in whole or in part, without penalty or premium.

2.    Subject to the exceptions in Paragraph 3 (concerning reserved claims) below, and subject to Paragraph 4 (concerning disclosure of assets), Paragraph 10 (concerning default), and Paragraph 11 (concerning bankruptcy) below, and upon the United States' receipt of the Settlement Amount, plus interest due under Paragraph 1.b, the United States releases Dongxin and Ma Acupuncture Center PC from any civil or administrative monetary claim the United States has for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733; the Civil Monetary Penalties Law, 42 U.S.C. § 1320a-7a; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812; or the common law theories of payment by mistake, unjust enrichment, and fraud.

3.    Notwithstanding the release given in Paragraph 2 of this Agreement, or any other term of this Agreement, the following claims and rights of the United States are specifically reserved and are not released:

    a.    Any liability arising under Title 26, U.S. Code (Internal Revenue Code);

    b.    Any criminal liability;

    c.    Except as explicitly stated in this Agreement, any administrative liability or enforcement right, including mandatory or permissive exclusion from Federal health care programs;

    d.    Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct;

    e.    Any liability based upon obligations created by this Agreement;

   f.  Any liability of individuals other than Dongxin Ma;

   g.  Any liability for express or implied warranty claims or other claims for defective or deficient products or services, including quality of goods and services; and

   h.  Any liability for personal injury or property damage or for other consequential damages arising from the Covered Conduct.

  4.  Dongxin Ma and Ma Acupuncture Center PC have provided sworn financial disclosures and supporting documents (together, "Financial Disclosures") to the United States and the United States has relied on the accuracy and completeness of those Financial Disclosures in reaching this Agreement. Dongxin Ma and Ma Acupuncture Center PC warrant that the Financial Disclosures are complete and accurate as of the Effective Date of this Agreement.

   a.  If the United States learns of asset(s) in which Dongxin Ma or Ma Acupuncture Center PC had an interest of any kind as of the Effective Date of this Agreement (including, but not limited to, promises by insurers or other third parties to satisfy their obligations under this Agreement) that were not disclosed in the Financial Disclosures, or if the United States learns of any false statement or misrepresentation by Dongxin Ma or Ma Acupuncture Center PC on, or in connection with, the Financial Disclosures, and if such nondisclosure, false statement, or misrepresentation changes the estimated net worth set forth in the Financial Disclosures by $200,000.00 or more, the United States may at its option: (i) rescind this Agreement and reinstate its suit or file suit based on the Covered Conduct or (ii) collect the full Settlement Amount in accordance with the Agreement plus one hundred percent (100%) of the net value of Dongxin Ma or Ma Acupuncture Center PC's previously undisclosed assets. Dongxin Ma and Ma Acupuncture Center PC agree not to contest any collection action undertaken by the

United States pursuant to this provision, and agree that they will immediately pay the United States the greater of (i) a ten-percent (10%) surcharge of the amount collected in the collection action, as allowed by 28 U.S.C. § 3011(a), or (ii) the United States' reasonable attorneys' fees and expenses incurred in such an action.

   b. In the event that the United States, pursuant to this paragraph, rescinds this Agreement, Dongxin Ma and Ma Acupuncture Center PC waive and agree not to plead, argue, or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel, or similar theories, to any civil or administrative claims that (i) are filed by the United States within 120 calendar days of written notification that this Agreement has been rescinded, and (ii) relate to the Covered Conduct, except to the extent these defenses were available on February 16, 2022.

5. Dongxin Ma and Ma Acupuncture Center PC waive and shall not assert any defenses they may have to any criminal prosecution or administrative action relating to the Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Agreement bars a remedy sought in such criminal prosecution or administrative action.

6. Dongxin Ma and Ma Acupuncture Center PC fully and finally release the United States, its agencies, officers, agents, employees, and servants, from any claims (including attorney's fees, costs, and expenses of every kind and however denominated) that Dongxin Ma and Ma Acupuncture Center PC have asserted, could have asserted, or may assert in the future against the United States, and its agencies, officers, agents, employees, and servants related to the Covered Conduct and the United States' investigation and prosecution thereof.

7.      Dongxin Ma and Ma Acupuncture Center PC agree to the following:

      a.      <u>Unallowable Costs Defined</u>: All costs (as defined in the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47; and in Titles XVIII and XIX of the Social Security Act, 42 U.S.C. §§ 1395-1395lll and 1396-1396w-5; and the regulations and official program directives promulgated thereunder) incurred by or on behalf of Dongxin Ma, Ma Acupuncture Center PC, its present or former officers, directors, employees, shareholders, and agents in connection with:

      (1)      the matters covered by this Agreement;

      (2)      the United States' audit(s) and civil investigation(s) of the matters covered by this Agreement;

      (3)      Dongxin Ma and Ma Acupuncture Center PC's investigation, defense, and corrective actions undertaken in response to the United States' audit(s) and civil investigation(s) in connection with the matters covered by this Agreement (including attorneys' fees);

      (4)      the negotiation and performance of this Agreement; and

      (5)      the payment(s) Dongxin Ma makes to the United States pursuant to this Agreement,

are unallowable costs for government contracting purposes and under the Medicare Program, Medicaid Program, TRICARE Program, and Federal Employees Health Benefits Program (FEHBP) (hereinafter referred to as "Unallowable Costs").

      b.      <u>Future Treatment of Unallowable Costs</u>: Unallowable Costs shall be separately determined and accounted for by Dongxin Ma and Ma Acupuncture Center PC, and Dongxin Ma and Ma Acupuncture Center PC shall not charge such Unallowable Costs directly or indirectly to any contracts with the United States or any State Medicaid

program, or seek payment for such Unallowable Costs through any cost report, cost statement, information statement, or payment request submitted by Dongxin Ma, Ma Acupuncture Center PC, or any of its subsidiaries or affiliates to the Medicare, Medicaid, TRICARE, or FEHBP Programs.

      c.      <u>Treatment of Unallowable Costs Previously Submitted for Payment</u>: Dongxin Ma and Ma Acupuncture Center PC further agree that within 90 days of the Effective Date of this Agreement they shall identify to applicable Medicare and TRICARE fiscal intermediaries, carriers, and/or contractors, and Medicaid and FEHBP fiscal agents, any Unallowable Costs (as defined in this Paragraph) included in payments previously sought from the United States, or any State Medicaid program, including, but not limited to, payments sought in any cost reports, cost statements, information reports, or payment requests already submitted by Dongxin Ma, Ma Acupuncture Center PC, or any of its subsidiaries or affiliates, and shall request, and agree, that such cost reports, cost statements, information reports, or payment requests, even if already settled, be adjusted to account for the effect of the inclusion of the unallowable costs. Dongxin Ma and Ma Acupuncture Center PC agree that the United States, at a minimum, shall be entitled to recoup from them any overpayment plus applicable interest and penalties as a result of the inclusion of such Unallowable Costs on previously-submitted cost reports, information reports, cost statements, or requests for payment.

      Any payments due after the adjustments have been made shall be paid to the United States pursuant to the direction of the Department of Justice and/or the affected agencies. The United States reserves its rights to disagree with any calculations submitted by Dongxin Ma, Ma Acupuncture Center PC, or any of its subsidiaries or affiliates on the effect of inclusion of Unallowable Costs (as defined in this paragraph) on Dongxin Ma,

Ma Acupuncture Center PC, or any of its subsidiaries or affiliates' cost reports, cost statements, or information reports.

  d. Nothing in this Agreement shall constitute a waiver of the rights of the United States to audit, examine, or re-examine Dongxin Ma and Ma Acupuncture Center PC's books and records to determine that no Unallowable Costs have been claimed in accordance with the provisions of this paragraph.

8. This Agreement is intended to be for the benefit of the Parties only. The Parties do not release any claims against any other person or entity, except to the extent provided for in Paragraph 9 (waiver for beneficiaries paragraph), below.

9. Dongxin Ma and Ma Acupuncture Center PC agree that they waive and shall not seek payment for any of the health care billings covered by this Agreement from any health care beneficiaries or their parents, sponsors, legally responsible individuals, or third party payors based upon the claims defined as Covered Conduct.

10. The Settlement Amount represents the amount the United States is willing to accept in compromise of its civil claims arising from the Covered Conduct due solely to Dongxin Ma and Ma Acupuncture Center PC's financial condition as reflected in the Financial Disclosures referenced in Paragraph 4.

  a. In the event that Dongxin Ma fails to pay the Settlement Amount as provided in the payment schedule set forth in Paragraph 1 above, Dongxin Ma shall be in Default of his payment obligations ("Default"). The United States will provide a written Notice of Default, and Dongxin Ma shall have an opportunity to cure such Default within seven (7) calendar days from the date of receipt of the Notice of Default by making the payment due under the payment schedule and paying any additional interest accruing under the Settlement Agreement up to the date of payment. Notice of Default will be

delivered to Dongxin Ma or to such other representative as he shall designate in advance in writing. If Dongxin Ma fails to cure the Default within seven (7) calendar days of receiving the Notice of Default and in the absence of an agreement with the United States to a modified payment schedule ("Uncured Default"), the remaining unpaid balance of the Settlement Amount shall become immediately due and payable, and interest on the remaining unpaid balance shall thereafter accrue at the rate of 12% per annum, compounded daily from the date of Default, on the remaining unpaid total (principal and interest balance).

      b.      In the event of Uncured Default, Dongxin Ma and Ma Acupuncture Center PC agree that the United States, at its sole discretion, may (i) retain any payments previously made, rescind this Agreement and pursue the Civil Action or bring any civil and/or administrative claim, action, or proceeding against Dongxin Ma and Ma Acupuncture Center PC for the claims that would otherwise be covered by the releases provided in Paragraph 2 above, with any recovery reduced by the amount of any payments previously made by Dongxin Ma to the United States under this Agreement; (ii) take any action to enforce this Agreement in a new action or by reinstating the Civil Action; (iii) offset the remaining unpaid balance from any amounts due and owing to Dongxin Ma, Ma Acupuncture Center PC, and/or affiliated companies by any department, agency, or agent of the United States at the time of Default or subsequently; and/or (iv) exercise any other right granted by law, or under the terms of this Agreement, or recognizable at common law or in equity. The United States shall be entitled to any other rights granted by law or in equity by reason of Default, including referral of this matter for private collection. In the event the United States pursues a collection action, Dongxin Ma and Ma Acupuncture Center PC agree immediately to pay the United States

the greater of (i) a ten-percent (10%) surcharge of the amount collected, as allowed by 28 U.S.C. § 3011(a), or (ii) the United States' reasonable attorneys' fees and expenses incurred in such an action. In the event that the United States opts to rescind this Agreement pursuant to this paragraph, Dongxin Ma and Ma Acupuncture Center PC waive and agree not to plead, argue, or otherwise raise any defenses of statute of limitations, laches, estoppel or similar theories, to any civil or administrative claims that are (i) filed by the United States against Dongxin Ma and Ma Acupuncture Center PC within 120 days of written notification that this Agreement has been rescinded, and (ii) relate to the Covered Conduct, except to the extent these defenses were available on February 16, 2022. Dongxin Ma and Ma Acupuncture Center PC agree not to contest any offset, recoupment, and /or collection action undertaken by the United States pursuant to this paragraph, either administratively or in any state or federal court, except on the grounds of actual payment to the United States.

11. In exchange for valuable consideration provided in this Agreement, Dongxin Ma and Ma Acupuncture PC acknowledge the following:

    a. Dongxin Ma and Ma Acupuncture PC have reviewed their financial situation and warrant that they are solvent within the meaning of 11 U.S.C. §§ 547(b)(3) and 548(a)(1)(B)(ii)(I) and shall remain solvent following payment to the United States of the Settlement Amount.

    b. In evaluating whether to execute this Agreement, the Parties intend that the mutual promises, covenants, and obligations set forth herein constitute a contemporaneous exchange for new value given to Dongxin Ma and Ma Acupuncture PC, within the meaning of 11 U.S.C. § 547(c)(1), and the Parties conclude that these

mutual promises, covenants, and obligations do, in fact, constitute such a contemporaneous exchange.

      c.     The mutual promises, covenants, and obligations set forth herein are intended by the Parties to, and do in fact, constitute a reasonably equivalent exchange of value.

      d.     The Parties do not intend to hinder, delay, or defraud any entity to which Dongxin Ma or Ma Acupuncture PC was or became indebted to on or after the date of any transfer contemplated in this Agreement, within the meaning of 11 U.S.C. § 548(a)(1).

      e.     If any of Dongxin Ma and Ma Acupuncture PC's payments or obligations under this Agreement are avoided for any reason (including but not limited to, through the exercise of a trustee's avoidance powers under the Bankruptcy Code) or if, before the Settlement Amount is paid in full, Dongxin Ma, Ma Acupuncture PC, or a third party commences a case, proceeding, or other action under any law relating to bankruptcy, insolvency, reorganization, or relief of debtors seeking any order for relief of Dongxin Ma or Ma Acupuncture PC's debts, or to adjudicate Dongxin Ma or Ma Acupuncture PC as bankrupt or insolvent; or seeking appointment of a receiver, trustee, custodian, or other similar official for Dongxin Ma or Ma Acupuncture PC or for all or any substantial part of their assets:

      (i)     the United States may rescind the releases in this Agreement and bring any civil and/or administrative claim, action, or proceeding against Dongxin Ma and/or Ma Acupuncture PC for the claims that would otherwise be covered by the releases provided in Paragraph 2 above; and

  (ii) the United States has an undisputed, noncontingent, and liquidated allowed claim against Dongxin Ma and Ma Acupuncture Center PC in the amount of $23,152,645.83 less any payments received pursuant to Paragraph 1 of this Agreement, provided, however, that such payments are not otherwise avoided and recovered from the United States by Dongxin Ma, Ma Acupuncture Center PC, or a receiver, trustee, custodian, or other similar official for either of them;

  f. Dongxin Ma and Ma Acupuncture Center PC agree that any civil and/or administrative claim, action, or proceeding brought by the United States under Paragraph 11.e is not subject to an "automatic stay" pursuant to 11 U.S.C. § 362(a) because it would be an exercise of the United States' police and regulatory power. Dongxin Ma and Ma Acupuncture Center PC shall not argue or otherwise contend that the United States' claim, action, or proceeding is subject to an automatic stay and, to the extent necessary, consents to relief from the automatic stay for cause under 11 U.S.C. § 362(d)(1). Dongxin Ma and Ma Acupuncture Center PC waive and shall not plead, argue, or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel, or similar theories, to any such civil or administrative claim, action, or proceeding brought by the United States within 120 days of written notification to Dongxin Ma and/or Ma Acupuncture Center PC that the releases have been rescinded pursuant to this paragraph, except to the extent such defenses were available on February 16, 2022.

12. Upon receipt of the initial payment described in Paragraph 1.a, above, the Parties shall promptly sign and file in the Civil Action a Joint Stipulation of Dismissal of the Civil Action pursuant to Rule 41(a)(1). The stipulation of dismissal will provide that the action is

being dismissed "subject to the terms of the settlement" and that the action is being dismissed with prejudice as to the Covered Conduct and without prejudice to any other claims.

13. Each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Agreement.

14. Each Party and signatory to this Agreement represents that it freely and voluntarily enters into this Agreement without any degree of duress or compulsion.

15. This Agreement is governed by the laws of the United States. The exclusive venue for any dispute relating to this Agreement is the United States District Court for the Western District of Texas. For purposes of construing this Agreement, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

16. This Agreement constitutes the complete agreement between the Parties. This Agreement may not be amended except by written consent of the Parties.

17. The undersigned counsel represent and warrant that they are fully authorized to execute this Agreement on behalf of the persons and entities indicated below.

18. This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.

19. This Agreement is binding on Dongxin Ma and Ma Acupuncture Center PC's successors, transferees, heirs, and assigns.

20. All Parties consent to the United States' disclosure of this Agreement, and information about this Agreement, to the public.

21. Any written notice or notification to Dongxin Ma or Ma Acupuncture Center PC described in Paragraph 4 (concerning disclosure of assets), Paragraph 10 (concerning default), or Paragraph 11 (concerning bankruptcy) above may be made via regular U.S. mail addressed to

Dongxin Ma, 10809 Callanish Park Drive, Austin, Texas 78750. Service shall be complete upon mailing. Proof of actual notice shall not be required.

22. This Agreement is effective on the date of signature of the last signatory to the Agreement ("Effective Date of this Agreement"). Facsimiles and electronic transmissions of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

THE UNITED STATES OF AMERICA

DATED: _____   BY: _____
                          THOMAS A. PARNHAM JR.
                          Assistant United States Attorney
                          Western District of Texas

DATED: _____   BY: _____
                          LIANE NOBLE
                          Assistant United States Attorney
                          Western District of Texas

DONGXIN MA AND MA ACUPUNCTURE CENTER PC

DATED: _____   BY: _____
                          DONGXIN MA
                          Individually and on behalf of
                          Ma Acupuncture Center PC

DATED: _____   BY: _____
                          SEAN TEARE
                          Counsel for Dongxin Ma and
                          Ma Acupuncture Center PC